# FEDERAL DISTRICT COURT

# DISTRICT OF OREGON

FILED08 JAN '26 15:09USDC-ORP

|  |  |
|---|---|
| **UNITED STATES** | 3:25-po-00769<br>Affixing a Placard to Bulletin Board<br>   in an Unauthorized Manner<br>Trespass |
| **VS** |  |
| **JARED ESSIG** | OBJECTION TO CHARGING INFORMATION<br>REQUEST FOR BILL OF PARTICULARS<br>MOTION FOR CONTINUANCE<br>            OF ARRAIGNMENT |

## 0. VAGUE AND UNIFORMATIVE CHARGES VIOLATE CONSTITUTIONAL RIGHTS

Comes now the defendant, pro se, and objects to the U.S. Attorney's information as unconstitutionally vague, indefinite, **uninformative as to nature and cause of the charges against him**, and containing matter which, if true, constitutes a legal defense against the offenses charged: to **peaceably assemble, and to petition the government for redress** is constitutionally protected activity.  Accordingly, the defendant moves this honorable court to continue the arraignment to a future date whereupon if the prosecutor has not responded with a **Bill of Particulars** detailing the allegations, the court may so order, pursuant to U.S. Const. 1st and 6th amend. and FRCP Rule 7(f)

## I. CHARGE OF UNAUTHORIZED PLACARD FAILS TO ALLEGE AN ESSENTIAL FACTUAL ELEMENT

If the placard announced illegal speech - such as obscenity, threats, or incitement to riot or insurrection, the U.S.A. must allege this;  If the placard announced speech that was

1

# FEDERAL DISTRICT COURT of OREGON

merely controversial or politically incorrect the U.S.A. must state its intended policy, custom and practice for that particular bulletin board, and why the defendant's placard was "unauthorized" in that particular context.   This is an **essential factual element** of the charged crime of "unauthorized placard", which the U.S. must now allege and undertake to prove at trial.

Moreover, if the bulletin board itself was itself unauthorized, or was constructed in a manner inconsistent with City zoning and permitting ordinances, then it cannot possibly be a crime to affix a placard to it in an unauthorized manner, even if the placard was controversial, and all the more so if it made an uncontroversial public service announcement that advanced a legitimate public and/or governmental interest.  The U.S.A. must allege and later prove that its bulletin board was a lawfully authorized bulletin board, and not merely an "unauthorized exterior alteration" or a "temporary security measure in response to domestic terrorism".   If the U.S.A. cannot prove that its "bulletin board" was duly "authorized", then the act of affixing a placard to it could have been an act of law enforcement.

## II. CHARGE OF TRESPASS FAILS TO ALLEGE AN ESSENTIAL FACTUAL ELEMENT

Since the patio at the front door of the Portland Immigration and Customs Enforcement (I.C.E.) building is outdoor, unenclosed, open to the public, and intentionally accessible from the public sidewalk, the U.S.A. must allege that the defendant violated one or more lawful conditions placed on his remaining on said patio, and that he was consequently warned to leave and did not.  This is an **essential factual element** of the charged crime of trespass on public premises, which the U.S. must now allege and later undertake to prove at trial.

During the summer and fall of 2025, protestors gathered outside Portland I.C.E. building and frequently blockaded the driveway and shouted threats and obscenities at Federal personnel, with the articulated goal of preventing or sabotaging title 8 enforcement activity and getting "ICE out of Portland".  This is disorderly conduct or riot.  Many had

United States vs. Jared Essig          3:25-po-00769                                    2

Defendant's Objection to the Charging Information and Request for a Bill of Particulars

# FEDERAL DISTRICT COURT of OREGON

announced the further goals of abolishing ICE, abolishing police, and abolishing national borders altogether, which arguably constitutes the inchoate crime of attempt, solicitation, or conspiracy to insurrection, as the U.S.A. has earlier tried to allege in the matter of Oregon et al. vs. Trump, 3:25-CV-01756 (in which the defendant filed a motion on behalf of the Rose City Iron Front for leave to file a legal brief as Amicus Curiae). Although ambivalent regarding current immigration policy, the defendant denies involvement in any riot or attempts at insurrection, and denounces such attempts.

Although he acknowledges that civil disobedience against an immoral or illegal government policy, can be a moral and effective manner of political action, the defendant simultaneously admits that such disobedience must be undertaken in a moral and civil manner answerable to a higher order, and not merely to the impulses of anarchy, rage, and nihilistic violent extremism.

## III. DEMAND FOR BILL OF PARTICULARS

Defendant demands the prosecutor file and serve a Bill of Particulars detailing:

- What did the placard say?
- The specific policy, custom, or practice for affixing Placards on bulletin boards of the U.S.A generally, and of the D.H.S. and I.C.E. departments specifically, which would make such placards authorizable or not.
- Policy of the U.S.A. regarding Public Service Bulletins during extraordinary circumstances of Natural Disaster or Mass Civil Unrest, when Martial Law may be contemplated or in effect.
- The specific factual basis (time, place, and manner) that rendered the bulletin board itself an "authorized bulletin board" and not merely an "unauthorized exterior alteration" without the "required design approval" as alleged in the City of Portland's Notice of Zoning Violation of Sept. 18th, 2025, or a merely an "temporary security measure" in response to "domestic terrorism", as claimed in the U.S.A.'s response.
- The specific lawful condition of remaining on the patio that the defendant allegedly violated.
- The time, manner, and identity of the person who issued the warning to leave the premises, with narrative statement recounting whether or not the defendant complied.
- All other "essential factual elements" of the charged offenses, which the U.S.A. intends to prove at trial.

United States vs. Jared Essig          3:25-po-00769                          3

Defendant's Objection to the Charging Information and Request for a Bill of Particulars

# FEDERAL DISTRICT COURT of OREGON

## IV. CONCLUSION AND PRAYER FOR RELIEF

The U.S.A.'s charging information contains no predications of fact whatsoever, merely presumptions of law untethered from the factual circumstances of defendant's activity or arrest, in violation of FCRP Rule 7(c)(1) which states "The indictment or information must be a plain, concise, and **definite** written statement of the **essential facts** constituting the offense charged"

Wherefore the defendant demands the prosecutor file and serve a Bill of Particulars detailing the vague, indefinite, and uninformative allegations against him, and respectfully moves this honorable court to direct the U.S. Attorney so to do, and meanwhile set-over this appearance for a future date, to continue the arraignment.

Jared Essig, pro se et pro publica

11620 SW Palermo St.

Wilsonville, OR 97070

jared.essig@gmail.com

United States vs. Jared Essig          3:25-po-00769                          4

Defendant's Objection to the Charging Information and Request for a Bill of Particulars

## FEDERAL DISTRICT COURT of OREGON

# TABLE OF POINTS AND AUTHORITIES

U.S. Const. Amend 1 "Congress shall make no law .. abridging the freedom of speech, or of the press; or the right of the people **peaceably to assemble, and to petition the Government for a redress of grievances**."

U.S. Const. Amend 5 "**No person** shall be .. deprived of life, liberty, or property, without **due process of law**; .."

U.S. Const. Amend 6 "In all criminal prosecutions, the accused shall enjoy the **right to .. be informed of the nature and cause of the accusation..**"

**Fed. R. Crim. P. 3** "The complaint is a written statement of the **essential facts** constituting the offense charged."

**Fed. R. Crim. P. 7(c)(1)** "The indictment or information must be a plain, concise, and **definite** written statement of the **essential facts** constituting the offense charged"

**Fed. R. Crim. P. 7(f)** BILL OF PARTICULARS: "The court **may direct the government to file a bill of particulars**. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."

**Notice of Zoning Violation (2) Sept 18th, 2025**, City of Portland, Oregon - Portland Permitting & Development: *"Exterior alterations to the building without the required Design Review approval. Alterations to the required ground floor windows by boarding up the exterior so that views are not allowed into the facility as required by the ground floor windows standard.* (Portland Zoning Code Sections 33.130.230.B, 33.510.220, 33.420.041, 33.420.050, Table 420.2)

United States vs. Jared Essig        3:25-po-00769                        5

Defendant's Objection to the Charging Information and Request for a Bill of Particulars