# FEDERAL DISTRICT COURT

# DISTRICT OF OREGON

FILED 13 MAY '26 12:57 USDC-ORP

| | |
|---|---|
| **UNITED STATES of AMERICA** | 3:25-po-00769<br>Affixing a Placard to Bulletin Board<br>  in an Unauthorized Manner<br>Trespass |
| **vs** | DEMURRER and MOTION TO DISMISS or<br>order a BILL OF PARTICULARS<br>DISCOVERY DEMAND<br>NOTICE of a PUBLIC AUTHORITY DEFENSE<br>REQUEST for DECLARATORY JUDGEMENT and<br>PUBLIC ACCESS TO LAW LIBRARY |
| **JARED ESSIG** | |

## I. DEMURRER TO THE CHARGING INFORMATION

Comes now the Defendant, Jared Essig, appearing *pro se and pro publica*, and demurs to the Charging Information pursuant to the Fifth and Sixth Amendments to the U.S. Constitution in that it fails to set forth the "nature and cause of the accusation" as required by the Federal Rules of Criminal Procedure 7(c)(1) and 12(b)(3)(B): it (iii) lacks specificity; and (v) fails to state an offense, depriving him of "due process of law". A conviction on these factually non-alleged grounds would deprive him of substantial rights guaranteed by the the First and Ninth Amendments to the U.S. Constitution - the rights to move about, and to peaceably assemble to petition the government for redress, which he was doing virtuously and in the public interest at the time he was unlawfully seized and searched. This requires "strict scrutiny"

### 1. Failure to State Essential Facts

The Information is unconstitutionally vague and indefinite, containing only legal conclusions rather than the "plain, concise, and definite written statement of the essential facts" required by Fed. R. Crim. P. 7(c)(1). The prosecution has failed to specify the "nature and cause of the accusation," depriving the Defendant of his Sixth Amendment rights.

# FEDERAL DISTRICT COURT of OREGON

**2. "Unauthorized" "Placard" and "Bulletin Board" are overbroadly construed (Charge E1768030)**

The prosecution fails to allege why the affixing of the placard was "unauthorized" and misrepresents a blighted building as a "bulletin board". Defendant contends that if the placard[1] was a public service announcement advancing a legitimate public and government interest—in this case, teaching the law, upholding respect for the rule of law, and abating urban blight—the act was not unauthorized. Furthermore, if the "bulletin board" itself was no such thing, but rather merely an "unauthorized exterior alteration" lacking required City design approval (per the City of Portland's Notice of Zoning Violation, Sept 18, 2025), or if it was merely a "temporary security measure" in response to "'domestic terrorism", (as claimed in the U.S.A.'s response to the City's notice) then this so-called "bulletin board" cannot serve as the basis for a criminal charge of "unauthorized" use of it.

"Post no bills" signage was nowhere seen on this "temporary security measure", and the defendant's signage did not damage it in any manner. Because it was easily removed by simply ripping off the stapled sign, it did not constitute property damage or vandalism, which is why the the government is proceeding on the "unauthorized placard" regulation instead, which is being unconstitutionally over-broadened far beyond its original legislative / regulatory intent, in an attempt to construe it as more vague than it actually is.

Moreover, a blanket prohibition on stapled public service announcements on temporary infrastructure erected during conditions of civil unrest, natural disaster, or "domestic terrorism" [sic], does not serve a legitimate public interest - since everyone knows that civic volunteers may be better prepared than the government to respond in certain emergencies (as has been demonstratively proven in this case) - and that is why no such regulation exists specifically prohibiting this conduct. Therefore, no actual violation has been committed, even if the government proves all the facts that it has alleged.

**3. Trespass (Charge E1768031)**

Because the patio of the ICE building is an unenclosed space open to the public and accessible from the public sidewalk, and because no signage was present prohibiting access - the defendant had **implied consent to ingress on the public premises**. The government must allege that the Defendant violated a specific lawful condition and was warned to leave, as

---

[1] The placard discovered by the prosecution was a sheet of letter sized standard paper reading "Migrants Deserve Due Process of Law". A staple gun was found on him on arrest. Defendant asserts that multiple federal agents interrogated him on videocamera, and that he gave a lengthy confession and legal argument setting forth this affirmative defense, and demand for preservation of evidence. Defendant now **demands discovery of his earlier videotaped confession, declaration and demand**, as required by Brady vs. Maryland (1963) etc. Furthermore demands (a) any video footage not yet produced, (b) the identity and statements of any officers or witnesses present, (c) any internal communications about enforcement decisions at the ICE building, and (d) any communications between federal and city authorities about the graffiti.

# FEDERAL DISTRICT COURT of OREGON

required by *Adderley v. Florida*, 385 U.S. 39 (1966), or must negate the defense that the area was open to the public - by showing for example that a curtilage was established at the property line by fence, or wall, or other demarcation, and that "no trespassing" sign was posted. The Information fails to allege these essential factual elements or negate the public premises defense. Neither Video footage nor other materials discovered to the defense have shown or even claimed that a stay-away order or warning was given. Therefore, no actual violation has been committed, even if the government proves all the facts that it has alleged.

## II. MOTION TO DISMISS

Defendant moves this Court to dismiss all charges with prejudice based on the following grounds:

### 1. First Amendment Protection of Peacable Assembly and Petition

Defendant's conduct—peaceably assembling and petitioning for redress—is constitutionally protected activity. Criminalizing the affixing of a placard on a public building to abate blight constitutes unconstitutional viewpoint discrimination against the intelligent, peaceful, lawful and pro-social speech introduced by the defendant - and is especially egregious considering that the government allowed obscene graffiti to remain for months elsewhere on the ICE building that incites to violent revolution. Building supervisors neglected their statutory and ethical duty to care to abate that graffiti - possibly to advance a media spectacle by framing all protestors uniformly as violent extremist idiots and sexually deviants, in order to realize their opposite but similarly extreme political goal of deploying the national guard to Portland. This discriminatory enforcement against radical centrism in intelligent dissent, fails "strict scrutiny" requirements, and suggests either gross incompetence and neglect, or else deliberate bad faith, or some combination of both on the part of the government.

The prosecution bears a heavy burden, as "[t]he burden of proving that speech is unprotected rests on the censor" Freedman v. Maryland, 380 U.S. 51 (1965).

### 2. Lack of Warning (Trespass)

The undisputed facts establish that the premises lacked "no trespassing" signs and that no direct warning was issued to the Defendant to leave the premises. The absence of such a warning is a legal bar to a trespass conviction on the outdoor patio of a government building, which is a limited public forum where reasoned debates about immigration policy can and should be allowed to occur. Or if the court were to construe these particular public premises as a nonpublic forum, even then a stay-away order and a subsequent warning are required prior to arrest, in a deliberate and self-controlled escalation befitting of a regime that requires its courts and law enforcement to apply "due process of law".

# FEDERAL DISTRICT COURT of OREGON

### 3. Assumption of Public Authority was necessary for Abatement of Blight and quelling civil unrest

Defendant asserts a defense of necessity and public authority. The stapling of public service announcements to a "blighted public building" was a justified measure to deter lawlessness, riot, anarchism, communism, and fascism, and to abate urban blight where the government had failed and was manifestly unable to do so.   Because urban blight is contagious and tends to spread, allowing it to remain during times of civil unrest risks further destabilization of the State and outbreaks of civil war and rebellion.   The announcement stated that "migrants deserve due process of law", a poorly understood but relatively uncontroversial legal principle[2].   Propagating it through public art and declarations would have promoted respect for the rule of law, and could have been the impetus for a lesson in civics, if the then U.S. Attorney General and the then Secretary of Homeland Security[3] along with their subordinates, had been willing and able to perform their collateral job function of public education in the advancement of civic virtue, instead of merely defaulting into partisan rhetoric and escalation of police force.

Instead of stipulating to the proposition that "migrants deserve due process of law", and coming to a reasonable compromise, and teaching the public how to have reasoned debate where opinions diverge beyond that stipulation, government at every level failed the public in the case of States of Oregon & California & City of Portland  vs. Donald Trump et al, Case No. 3:25-CV-01756, D.Or 2026, litigated last fall by opposing armies of lawyers at great public expense estimated in the tens of millions, when they could have been fighting crime and teaching the law and spending money on public pakrs and infrastructure instead.  In that case the defendant Mr. Jared Essig filed a legal brief on behalf of Amicus Curiae the RoseCityIronFront.org and maintains his demand that oppssing partisan regimes at the City, State, and Federal levels start cooperating with each other on the shared public interest of fighting crime and promoting public safety and education by teaching the law (an social obligation also largely neglected by the judicial branch) and that they stop wasting public money on unnecessary media spectacles of Manichaean martial dualism and political theater that have the tangential effect of corrupting the youth.

---

[2] The U.S. Const. Amend 5 does not establish merely that "No *citizen* shall be .. deprived of life, liberty, or property, without due process of law; ..", but that "no *person* shall be" thus deprived.  "No person" includes migrants - that is citizens or legal residents who wish to emigrate and leave America, as well as non-resident immigrants who have entered to seek residency or asylum.  Immigrants who are accused of illegal entry must be detained and deported legally, if at all:  the question of their current status and eventual disposition must be resolved through **due process of law.**

[3] Then U.S. Attorney General Pam Bondi and the then Secretary of Homeland Security Kristi Noem have since been removed from their positions by POTUS, vindicating the defendant's assessment of their neglect, of the situation's necessity, and consequently of his limited public authority in this unique quasi-anarchic context, as a civic volunteer.

# FEDERAL DISTRICT COURT of OREGON

## III. CONCLUSION AND PRAYER FOR RELIEF

The Charging Information and discovered evidence contain no predications of fact that, were they to be proven, would be sufficient to convict - and contain merely presumptions of law untethered from the actual circumstances of the arrest. The presumptions are undermined by the government's own evidence - and by its lack thereof. This prosecution serves no legitimate public or governmental interest.

**WHEREFORE**, Defendant respectfully requests that this Court:

1. Allow this Demurrer and **DISMISS** the charges with prejudice.
2. In the alternative, direct the government to file a **Bill of Particulars** detailing the specific factual and legal basis for each "unauthorized" element, and if it disputes the defendant's assertion that no warning was given, the identity of the person who is alleged to have issued a trespass warning to Mr. Essig.
3. Render a DECLARATORY JUDGEMENT on the question of whether or not "migrants deserve due process of law" (c.f. footnote 2) and consider using your discretionary authority to post this legal declaration prominently inside the courthouse, the ICE building, and post it on the exterior of this and other public infrastructure when and if it is targeted by protestors and rioters.   If this federal courthouse comes under sustained attack by rioters seeking to burn it down (as they did in 2020, and as multiple law enforcement officers testified in Oregon et al vs. Trump 2025 D.Or) then consider democratizing access to the now-closed law library.   Civic education is cheaper than riot control and infrastructure repair.
4. Direct the Court administrator to reallocate resources to keep the now-closed law library open in the Federal Courthouse in the District of Oregon, so that students and litigants and the general public have drop-in access to basic legal education, along with politicians who might wish to learn more about how to do their jobs, and public interest lawyers like myself who might need to explain this to them. **28 U.S.C. § 1654** guarantees the right to appear pro se, and meaningful pro se access requires access to legal resources — Several circuits have recognized that pro se litigants are constitutionally entitled to meaningful access to the courts (*Bounds v. Smith*, 430 U.S. 817, 1977 — prisoners; the principle has been extended in civil contexts).

If a law librarian cannot be financed, then move the library to the vast and largely empty and underutilized lobby on the first floor, so that the Federal marshals who guard the door can also protect the library from book thieves while maintaining public access. This will prove the court and the government worthy to re-assume the "public authority" that I have righteously usurped. The court would not need to expend so many resources on security if there were more respect for the rule of law.  And there would be more respect for law and the legal profession, if people realized the courts could be used for them rather than merely against them.  If the court were to be more robust in exercising its discretionary duty to teach and democratize access to the courts, and more faithful in its ministerial duty to provide legal resources to pro se litigants, then perhaps there would

# FEDERAL DISTRICT COURT of OREGON

be fewer anarchist and bolshevik mobs assembled unpeaceably to tear the courthouse down before they turn on each other, a phenomenon which confounds the first amendment analyses of most politicians, lawyers, and police officers who don't know how to distinguish between a lawful and an unlawful assembly, and a riot, and who have been largely unsuccessful in explaining these distinctions to the public or justifying the actions they've chosen to take in response.  If the matter is outside the scope of this court's remit, then the honorable court may join this citizen in exercising his right to "petition the government for redress", by submitting the request as a petition to a court of higher and more competent review.

Respectfully submitted,

Jared Essig, *pro se et pro publica*
11620 SW Palermo St.
Wilsonville, OR 97070
jaredscribe.com
en.wikiversity.org/wiki/User:Jaredscribe

# FEDERAL DISTRICT COURT of OREGON

# TABLE OF POINTS AND AUTHORITIES

U.S. Const. Amend 1 "Congress shall make no law .. abridging the freedom of speech, or of the press; or the right of the people **peaceably to assemble, and to petition the Government for a redress of grievances**."

U.S. Const. Amend 5 "**No person** shall be .. deprived of life, liberty, or property, without **due process of law**; .."

U.S. Const. Amend 6 "In all criminal prosecutions, the accused shall enjoy the **right to .. be informed of the nature and cause of the accusation..**"

**U.S. Const, 9th Amend.** *"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people".* While the **U.S. 4th Amend.** protects against *"unreasonable searches"* the **unenumerated but natural "right of movement" is a premise assumed** by other rights expressly enumerated, and as such **should be judicially recognized** by the court as incapable of denial or disparagement. It is **not a penumbra emanating from the enumerated rights, or a novel right capable of being judicially created** by the Court, but **far less is it a privilege that can be arbitrarily taken away without due process of law**. See Papachristou vs. City of Jacksonville, 405 U.S. 156, 164 (1972) and dissenting opinions to Griswold v. Connecticut 381 U.S. 479 (1965)

**Fed. R. Crim. P. 3** "The complaint is a written statement of the **essential facts** constituting the offense charged."

**Fed. R. Crim. P. 7(c)(1)** "The indictment or information must be a plain, concise, and **definite** written statement of the **essential facts** constituting the offense charged"

**Fed. R. Crim. P. 7(f)** BILL OF PARTICULARS: "The court **may direct the government to file a bill of particulars**. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires."

Fed. R. Crim. P. 12(b)(3)(B) a defect in the indictment or information; including; (iii) lack of specificity; and (v) failure to state an offense.

# FEDERAL DISTRICT COURT of OREGON

Fed. R. Crim. P. Rule 12.3 Notice of a Public-Authority Defense

(a) Notice of the Defense and Disclosure of Witnesses.

(1) Notice in General. If a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government in writing and must file a copy of the notice with the clerk within the time provided for filing a pretrial motion, or at any later time the court sets. The notice filed with the clerk must be under seal if the notice identifies a federal intelligence agency as the source of public authority.

(2) Contents of Notice. The notice must contain the following information:

(A) the law enforcement agency or federal intelligence agency involved;

(B) the agency member on whose behalf the defendant claims to have acted; and

(C) the time during which the defendant claims to have acted with public authority.

(3) Response to the Notice. An attorney for the government must serve a written response on the defendant or the defendant's attorney within 14 days after receiving the defendant's notice, but no later than 21 days before trial. The response must admit or deny that the defendant exercised the public authority identified in the defendant's notice.

State of Oregon v. Trump, 3:25-cv-01756, (D. Or.) permanently enjoined the Trump administration from implementing the presidential memoranda authorizing the deployment of the national guard to Portland to quell civil unrest because the conditions in Portland did not meet the statutory requirements of "rebellion" or an inability of regular forces to execute federal laws. Citing violations of the Tenth Amendment, 10 U.S.C. § 12406, and the principle of equal state sovereignty.

Motion for Leave to File Brief to Appear as Amicus Curiae. Filed by Rose City Iron Front, Counsel Jared Essig. (Entered: 10/29/2025)

**Notice of Zoning Violation (2) Sept 18th, 2025,** City of Portland, Oregon - Portland Permitting & Development: *"Exterior alterations to the building without the required Design Review approval. Alterations to the required ground floor windows by boarding up the exterior so that views are not allowed into the facility as required by the ground floor windows standard.*

# FEDERAL DISTRICT COURT of OREGON

**Portland Zoning Code Sections 33.130.230.B**, 33.510.220, 33.420.041, 33.420.050, Table 420.2

_United States v. Carll_, 105 U.S. 611, 612 (1882). "[i]t is not sufficient to set forth the offense in the words of the statute" if additional facts are necessary to show criminal liability.

_In re Oliver_, 333 U.S. 257 (1948). vague or misleading charges violate due process.

Patterson v. New York 432 U.S. 197 (1977) The Constitution does not allow the defendant to be given the burden of disproving an element of the crime.

**_Mathews v. Eldridge_ (424 U.S. 319, 1976)** lack of due process in administrative procedure, fails to shield the individual from _arbitrary action_, deprives him of substantial rights to petition for redress.

Freedman v. Maryland, 380 U.S. 51 (1965), the "_[t]he burden of proving that speech is unprotected rests on the censor._"

_Adderley v. Florida_, 385 U.S. 39 (1966) Even though protestors can be excluded from public building which is a nonpublic forum (such a County jail) after making a disruption, they must be ordered and warned to leave first.  Their initial presence was not itself criminal; it was their _refusal to leave after a lawful order_ that completed the offense.

Minnesota Voters Alliance v. Mansky, 585 U.S. 1, 16 (2018) restrictions based on viewpoint are prohibited in any forum, and the State cannot create "speech free" zones in order to avoid the problem.

Grayned v. City of Rockford, 408 U.S. 104, 116 (1972). In a limited public forum,_"The crucial question is whether the manner of expression is basically compatible with the normal activity of a particular place at a particular time."_

Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37 (1983) Even in a nonpublic forum, restrictions must be reasonable and not aimed at suppressing speech officials dislike.

Brady vs. Maryland (1963) government must discover to the defense evidence that is probably admissible, including exculpatory evidence, even if it doesn't intend to use that evidence at trial.

Kyles v. Whitley, 514 U.S. 419 (1995). Government must discover the names and statements of eyewitnesses it knows about but does not intend to call.

**28 U.S.C. § 1654** (right to appear pro se)

# FEDERAL DISTRICT COURT of OREGON

*Bounds v. Smith*, 430 U.S. 817, 1977 — pro se litigants are constitutionally entitled to meaningful access to the courts